David M. THOMPSON, d/b/a Professional Business Products, Plaintiff,

v.

NASHUA CORPORATION, Mary Ann Veltri, d/b/a Office Resource Center, Craig Veltri, William V. Meredith, and Xerographic Copier Services, Inc., Defendants.

Civ. A. No. SA–95–CA–1034.

United States District Court,
W.D. Texas,
San Antonio Division.

Nov. 30, 1995.

John N. Mastin, San Antonio, TX, Jack N. Price, Price & Vickery, Austin, TX, for David M. Thompson.

Alan Michael Ferrill, Cox & Smith, Inc., San Antonio, TX, for Nashua Corporation.

Norman L. Nevins, San Antonio, TX, Andrew L. Kerr, Groce, Locke & Hebdon, San Antonio, TX, for Mary Ann Veltri, Craig Veltri.

Norman L. Paul, Jr., San Antonio, TX, for William V. Meredith, Xerographic Copier Services, Inc.

## ORDER OF REMAND

BIERY, District Judge.

Before the Court are plaintiff's motion to remand and defendants' response. After considering the motion and response, memoranda of law, the pleadings on file, and the entire record in this matter, the Court is of the opinion the motion should be granted and this matter remanded to state court.

## BACKGROUND

David M. Thompson, doing business as Professional Business Products, distributed Nashua copier products from January of 1982 until October of 1994. The Office Resource Center and Xerographic Copier Services competed with Thompson for Nashua sales in Bexar County and South Texas. Nashua, along with other companies, submits bids to the State of Texas for "line items" every two or three years. Line items include toner, paper, and other related products that are also sold directly by Nashua to its dealers and distributors. If accepted, a bid for a line item is put on the state purchasing list and each state agency in the state of Texas can purchase line items from suppliers at the bid price.

Thompson filed suit in Texas state court alleging his competitors created a fictitious state-agency customer, improperly obtained Nashua's bid prices, purchased Nashua products at the bid price, had Nashua deliver the products to plaintiff's competitor's place of business, and sold the products to plaintiff's customers at a lower price, which, in turn, forced plaintiff out of business. Thompson further alleges Nashua not only knew of this practice, but condoned and participated in these events. According to Thompson, this conduct violates the Texas Deceptive Trade Practices Act and the Texas Free Enterprise and Antitrust Act (TFEAA).

Defendants removed the case on the basis of federal question jurisdiction, contending plaintiff has not raised a claim under the TFEAA, but under the Robinson–Patman Act, a law of the United States. As there is no allegation of diversity of citizenship between the parties, the propriety of removal depends on whether plaintiff has raised a federal question.

## DISCUSSION

The "well-pleaded" complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. This means, absent diversity jurisdiction, a case is removable only where a federal question is presented on the face of plaintiff's complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Thus, where plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1167 (5th Cir.1988).

The rule that plaintiff is the master of the claim is subject to this limitation: plaintiff cannot defeat removal of a federal claim by disguising or "artfully pleading" his cause of action as a state claim. If the *only* claim involved is one arising under federal law, the federal court will "characterize" it accordingly in order to uphold removal. *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *Beers v. North Am. Van Lines, Inc.,* 836 F.2d 910, 913 (5th Cir.1988). The artful pleading limitation refers, however, only to situations where plaintiff's sole claim is a federal one. *See Willy,* 855 F.2d at 1167.

In cases removed to federal court, plaintiff's "well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." *Id.* at 1165. In applying the well-pleaded complaint rule, the focus is on the claim rather than legal theories of recovery. *Id.* at 1170 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 26 & n. 2, 103 S.Ct. 2841, 2855 & n. 2, 77 L.Ed.2d 420 (1983)). Even if an essential element of a particular theory of recovery is governed by federal law, it does not necessarily follow that the claim itself "arises under" federal law. The federal-type claim "must be substantial

enough to confer federal question jurisdiction." *Id.* at 1169.[1]

■ Defendants contend federal question jurisdiction exists because Thompson complains of price discrimination, which is cognizable only under the Robinson–Patman Act. Even if defendant's proposition is true, however, this is not Thompson's only claim. "Price discrimination" within the meaning of the Robinson–Patman Act "means no more than price differentiation, or the charging of different prices to different customers for goods of like grade and quality." *Continental Baking Co. v. Old Homestead Bread Co.,* 476 F.2d 97, 103 (10th Cir.1973), *cert. denied,* 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 218 (1973). In his petition, Thompson alleges Nashua and his competitors did more than just discriminate on the basis of price as defined above. Specifically, he contends Nashua and his competitors:

> improperly accessed the state price list. To accomplish this, [the Office Resource Center] sent a letter to Nashua representing that [the Office Resource Center] had a new customer, No. 2320042, the "San Antonio Independent School District," and that products purchased by this "new customer" were to be delivered to the "new customer" in care of [Xerographic Copier Services, Inc.].... In truth, the "new customer" was [the Office Resource Center].
>
> None of the supplies purchased in this manner by [the Office Resource Center] or [Xerographic Copier Services, Inc.] were ever sold or delivered to the San Antonio Independent School District. Instead, the supplies were sold in competition with the plaintiff in the marketing area serviced by the plaintiff and defendants. The defendants [the Office Resource Center] and [Xerographic Copier Services, Inc.] were thereby enabled to secure a marketing advantage, improperly and illegally, to the considerable loss and damage of the plaintiff.
>
> Complaints by the plaintiff to Nashua were unheeded. To the contrary, Nashua condoned and participated in the deceptive practices of the defendants [the Office Resource Center] and [Xerographic Copier Services, Inc.], which eventually forced the plaintiff out of business to its additional loss and damage.

Thompson argues this conduct violates the TFEAA, which prohibits "[e]very contract, combination, and conspiracy in restraint of trade or commerce." Tex.Bus. & Com.Code Ann. § 15.05(a) (Vernon 1987).

Reviewing Thompson's petition, and focusing on his claims rather than legal theories of recovery, the Court concludes Thompson has not disguised or artfully pleaded a federal price discrimination claim as a state TFEAA claim. It is true Thompson alleges his competitor was extended lower prices for Nashua products than was plaintiff for purchases of goods of like grade and quality. His claim for damages, however, is predicated upon allegations that defendants acted in concert to secure a marketing advantage, improperly and illegally, to plaintiff's considerable loss. His cause of action, therefore, has its genesis under the TFEAA's prohibition against contracting, combining, and conspiring to restrain trade, and not under federal law. "[T]he federal issues in [Thompson's] claim are not ones in the forefront of the case, but are more collateral in nature, and are not substantial in relation to the claim as a whole, which is in essence one under state law." *Willy,* 855 F.2d at 1171. Even assuming price discrimination violates only federal law, the federal element in Thompson's TFEAA claim is not substantial enough to confer federal question jurisdiction.

## CONCLUSION

Plaintiff has chosen to seek relief only under state law and, as a result, there is no basis for federal subject matter jurisdiction.

---

1. "As a practical matter, the 'artful pleading' doctrine applies primarily in areas completely preempted by federal law." Hittner, Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED.CIV.PRO.BEFORE TRIAL—5th CIR.ED. at 2D–35 (The Rutter Group of Texas 1994). In fact, other than in complete preemption cases, "artful pleading is rarely invoked ... because it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (citing *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1372 (9th Cir.) *cert. denied,* 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987)). In this case, preemption is not an issue.

Accordingly, IT IS ORDERED that plaintiff's motion to remand is GRANTED and the above-styled and numbered cause is REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the 131st Judicial District Court of Bexar County. Plaintiff's request for costs incurred as a result of this removal is denied. Motions pending with the Court, if any, are denied.

ORDERED, SIGNED and ENTERED.